IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:25-CR-204 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | |
| | ) | |
| DEREK BRANTLEY, | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

The United States of America, through its undersigned counsel, respectfully submits this

sentencing memorandum.  For the reasons discussed below, the Court should apply the Career

Offender enhancement recommended by the PSR, and sentence Defendant Derek Brantley near

the middle of the resulting 188-to 235-month guidelines range.

**I.**     **The PSR correctly determined that Brantley qualifies as a Career Offender.**

Under Guidelines Section 4B1.1, a defendant is classified as a Career Offender if:  (1)

they were at least 18 years old at the time the instant offense was committed, (2) their instant

offense of conviction is a crime of violence or a controlled substance offense, and (3) they had at

least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

Brantley meets all three requirements.  He was well-over 18 years old when he

committed the crimes in this case; each of his seven counts of conviction in this case qualify as a

"controlled substance offense" under the Guidelines; and he committed the crimes in this case

after sustaining two prior felony convictions for "controlled substance offenses," namely, the

Ohio drug trafficking convictions identified in Paragraphs 62 and 63 of the PSR. *See* (PSR, ¶ 49).

In his PSR objection, Brantley claims that his two Ohio drug trafficking convictions do not count as controlled substance offenses because those convictions involved marijuana. (PSR, Brantley Obj. to ¶¶ 49 and 106). More specifically, Brantley asserts that because Ohio previously criminalized categories of marijuana that would no longer count as controlled substances under federal law, those two drug trafficking convictions do not qualify as controlled substance offenses. (*Id.*). But as Brantley concedes, this argument is foreclosed by the Sixth Circuit's published decision in *United States v. Clark*, 46 F.4th 404 (6th Cir. 2022) (holding that whether a prior conviction involved a "controlled substance" for purposes of the guidelines is determined by whether that substance was controlled at the time of the defendant's prior conviction). (*Id.*). This Court is bound by the Sixth Circuit's decision in *Clark*. Brantley therefore qualifies as a Career Offender.[1]

II. **The Section 3553(a) sentencing factors support a sentence near the middle of the 188-to 235-month guidelines range.**

For the following reasons, the government recommends that the Court impose a sentence near the middle of the 188-to 235-month guidelines range recommended by the PSR.

---

[1] The plea agreement also contemplates a two-level enhancement for maintaining a drug premise under U.S.S.G. § 2D1.1(b)(12), with the government being permitted to recommend that enhancement, and Brantley being permitted to oppose it. (Plea Agreement, ¶ 17(a)). The government agrees with the PSR that the enhancement applies, based on Brantley's use of the Mayfield Road residence to store controlled substances. *See* (PSR, ¶ 42). Brantley does not appear to object to the PSR's application of the drug premises enhancement. Though ultimately, this enhancement is moot because Brantley qualifies as a Career Offender. *See* (*id.*, ¶ 107).

To the extent the government has responses to any of Brantley's other PSR objections, the government will address those at the time of the sentencing hearing.

First, Brantley was at the top of the supply chain in this extensive drug trafficking conspiracy.  He supplied cocaine to codefendant Juan Colon, which Colon then redistributed to multiple coconspirators and customers in the Cleveland area.  *See* (PSR, ¶¶ 12-30).  The quantities of cocaine Brantley supplied Colon were significant, and Brantley and Colon's supplier-buyer relationship appeared to be ongoing.  *See* (*id.*, ¶¶ 24-30).  Between August and November of 2024, law enforcement conducted four controlled drug purchases from Brantley, each for approximately a quarter-kilogram of cocaine.  (*Id.*, ¶¶ 27-30).  Brantley was charging approximately $10,500 per half-kilogram of cocaine, so the total amount of cocaine Brantley sold across these four buys had a street value of roughly $20,000.  (*Id.*, ¶ 27).  Law enforcement then searched two of Brantley's residences in December 2024, and seized approximately a half-kilogram of cocaine, a scale with cocaine residue, baggies, multiple phones, over $31,000 in cash, a drug press, a money counter, and smaller quantities of other drugs, including methamphetamine and fentanyl.  (*Id.*, ¶¶ 31-33).  This all reflects Brantley acting as the primary supplier for an extensive drug trafficking conspiracy.  The nature and circumstances of Brantley's offense therefore justify a sentence near the middle of the 188-to-235-month guidelines range.

Next, Brantley's history and characteristics support a guidelines sentence.  This case marks Brantley's eighth criminal conviction (not counting driving offenses), and his sixth conviction for trafficking drugs.  (*Id.*, ¶ 53-65).  A closer look at the timing and circumstances of Brantley's criminal record illustrates why a sentence within the Career Offender guidelines range is needed.  In January 2006, Brantley was sentenced to a total of one year in prison for two cases, based on charges of carrying a concealed weapon, drug trafficking, and having weapons under disability.  (*Id.*, ¶¶ 55, 58).  Then, on June 5, 2007—less than a year after his release from

3

prison—he was arrested for another drug trafficking incident following a traffic stop where marijuana and a "bullet-proof" vest were recovered.  (*Id.*, ¶ 59).  A few weeks later, on June 22, 2007, Brantley was arrested again for a different drug trafficking incident, also involving drugs he possessed during a different traffic stop.  (*Id.*, ¶ 61).  Brantley was convicted in both 2007 cases and received probation.  (*Id.*, ¶¶ 59, 61).  Brantley, however, continued selling drugs, and in 2009 was arrested and convicted for two more drug trafficking incidents.  (*Id.*, ¶¶ 62-63).  He received a total sentence of eight years in prison from those two 2009 cases, finishing his term of post-release control in September of 2020.  (*Id.*).  According to the PSR, while serving that eight-year sentence, Brantley possessed homemade wine ("hooch"), got into a "physical altercation" with another inmate, possessed "small packages that contained a powder substance," and committed various other rules violations.  (*Id.*, ¶ 62).  Following his release from prison and supervision, Brantley incurred another conviction in 2021 for stealing 22 items from a Walmart store, this time resulting in a fine only.  (*Id.*, ¶ 64).  So Brantley's criminal record supports a sentence near the middle of the guidelines range.

Brantley's employment history is unstable, at best, and further supports a guidelines sentence.  The only information Brantley reported about his employment during the timeframe of this conspiracy was working at a construction company he "owne[d]," and working as a security guard at an unknown company in Cleveland.  (*Id.*, ¶ 100).  Notably, Brantley "reported that he does not suffer from any health issues that limit [his] activity or ability to work[.]"  (*Id.*, ¶ 88).  Given this information, combined with the significant amount of cocaine Brantley was selling Colon and the drug cash found at his residence, the Court can infer Brantley's primary source of income during the timeframe of this conspiracy was drug dealing.  The Court can also infer that

Brantley engaged in drug dealing for financial gain, which highlights the need for a lengthy sentence that would promote specific and general deterrence.

To sum up, Brantley acted as the supplier for an extensive drug conspiracy.  He did this despite multiple prior convictions for drug trafficking, including a prior eight-year prison sentence.  And he appeared to do it for financial gain.  Therefore, in the government's view, a sentence near the middle of the 188-to 235-month guidelines range is needed to promote the sentencing factors under 18 U.S.C. § 3553(a).

Respectfully submitted,

DAVID M. TOEPFER
United States Attorney

By:   /s/ James P. Lewis
        James P. Lewis (MD: 1412170148)
        Assistant United States Attorney
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, OH 44113
        (216) 622-3958
        (216) 522-7499 (facsimile)
        James.Lewis@usdoj.gov