IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:25-CR-204 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | |
| | ) | |
| JUAN JOHNNY COLON, | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

The United States of America, through its undersigned counsel, respectfully submits this sentencing memorandum.  For the reasons discussed below, the government recommends that the Court sentence Defendant Juan Johnny Colon to the highest end of the guidelines range contemplated by the parties' plea agreement.[1]

Start with the nature and circumstances of the offense.  Along with codefendant Derek Brantley, Colon was one of the two most culpable members of this conspiracy.  Colon received large quantities of cocaine from Brantley, which he then resold to numerous customers in the Cleveland area, including users and lower-level dealers.  *See* (PSR, ¶¶ 16-17).  Colon led and organized the actions of many of his coconspirators, including by "instruct[ing] members of the [conspiracy] to minimize their drug distribution in the area of 3730 West 41st Street due to potential surveillance by law enforcement," (*id.*, ¶ 30), and directing codefendant Antonio

---

[1] The PSR's offense level calculation appears consistent with the calculation in the parties' plea agreement.  Under the plea agreement, Colon reserved the right to oppose the government's request for a three-level aggravating role enhancement. (Plea Agreement, ¶ 17).  The PSR applied that enhancement. (PSR, ¶ 58).  Colon did not object.  Thus, the government does not anticipate any disputes about the offense level calculation at sentencing.

Greenlee to "stop by mommy's [MARTHA RIOS] and grab that bag [of drugs] that's under my pillow," (Plea Agreement, ¶ 26).  Colon also involved his family members in the drug dealing, including Martha Rios, his mother, who "distributed narcotics that she obtained from Colon" (PSR, ¶ 18), and Jocelyn Dolan, the mother of his child, who acted as a "low-level distributor" for the organization, (*id.*, ¶¶ 22, 25).  And Colon played a key role in operating the conspiracy's drug houses.  When law enforcement searched those houses in August 2024, they found over a quarter kilogram of cocaine, methamphetamine, crack cocaine, numerous firearms, and drug paraphernalia.  *See* (*Id.*, ¶¶ 44-47, 56).  The nature and circumstances of Colon's offense therefore support a sentence at the highest end of the guidelines range.

Colon's history and characteristics—and in particular his criminal record—also support a high-end guidelines sentence.  This case marks Colon's fifth felony conviction, his third drug trafficking conviction, and his third federal conviction.  (PSR, ¶ 68-73).  Colon's felony record started in 2003 at age 20, when he committed a felonious assault resulting in a two-year prison sentence.  (*Id.*, ¶ 68).  Then, between 2006 and 2007 (while on post-release control from that prison sentence) Colon participated in a conspiracy to distribute heroin and cocaine.  (*Id.*, ¶ 69).  Colon's involvement in that conspiracy consisted of selling cocaine "to his own customers in Cleveland" and talking to a coconspirator "in code to arrange the transaction of one kilogram of cocaine."  (*Id.*).  This resulted in a federal indictment, conviction, and 46-month prison sentence, with the last portion of Colon's sentence served on home detention.  (*Id.*).  But Colon absconded from home confinement in 2011, leaving his "electronic monitoring ankle bracelet . . . sitting on his bed."  (*Id.*, ¶ 70).  For this, Colon was convicted of escape and sentenced to one year in prison, followed by three years of supervised release.  (*Id.*).  During Colon's supervised release term in 2015, law enforcement "initiated an investigation into [his] cocaine transactions,"

searched his residence, and found $800 in cash and 20 grams of cocaine, which resulted in a violation and revocation.  (*Id.*).  Colon's federal supervised release terminated in August 2016.  (*Id.*).  But he was still undeterred.  In May 2017—less than a year after his supervised release ended—Colon was arrested and ultimately convicted of cocaine trafficking in Cuyahoga County.  (*Id.*, ¶ 73).  He received community control supervision for that conviction, ending in 2020.  (*Id.*).  And his involvement in this drug trafficking conspiracy started just two years later, in 2022.  Critically, none of Colon's prior sentences deterred him from engaging in and managing the extensive drug trafficking conspiracy in this case.  Colon's criminal record therefore supports a high-end guidelines sentence.

Finally, the circumstances indicate that Colon has supported himself through drug trafficking during much of his adult life.  Despite Colon being 43 years old, he has no history of regular, verifiable employment.  (*Id.*, ¶ 112-14).  At most, he previously "help[ed] a friend remodel houses and perform side jobs," and owned a now-defunct home renovation business.  (*Id.*, ¶ 112).  Given this information, combined with Colon's prior drug trafficking record and the significant amount of cocaine he sold in this case, the Court can infer that his primary source of income during the timeframe of this conspiracy (and indeed, during much of his adult life) was drug dealing.  The Court can also infer that Colon engaged in drug dealing for financial gain, which highlights the need for a high-end guidelines sentence that would promote specific and general deterrence.

In sum, Colon acted as the leader of this extensive drug conspiracy.  He did so despite multiple prior felony convictions, including two prior federal convictions.  And he appeared to do it all for financial gain.  Therefore, in the government's view, a sentence at the highest end of

3

the guidelines range contemplated by the plea agreement is needed to promote the sentencing factors under 18 U.S.C. § 3553(a).

Respectfully submitted,

DAVID M. TOEPFER
United States Attorney

By:  /s/ James P. Lewis
James P. Lewis (MD: 1412170148)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3958
(216) 522-7499 (facsimile)
James.Lewis@usdoj.gov